citizens charged with crime ought to be tried—according to the law and the testimony.

Gentlemen of the jury, if you come to the conclusion, after weighing all the testimony, that the deceased made resistance to the execution of legal process with a gun in his hands, and had manifested and continued to entertain a purpose to use such gun if an arrest was attempted, then you will find the defendant not guilty. (2) If you find that resistance was made but had entirely ceased and the deceased had yielded himself quietly and completely into the custody of the officer, and no longer had any purpose of resistance, then the prisoner is guilty of manslaughter; and if sufficient time had elapsed for the prisoner to get over the excitement caused by the resistance, then he is guilty of murder. If you have any reasonable doubts upon these questions, then the defendant is entitled to the benefit of these doubts.

The jury, after a retirement of two hours, found a verdict of "Not guilty."

## Case No. 16,154.

### UNITED STATES v. RICHARD.

#### [2 Cranch, C. C. 439.] [1]

Circuit Court, District of Columbia. Nov. Term, 1823.

CRIMINAL LAW—EVIDENCE—CONFESSIONS—LARCENY.

Although a confession, made under a promise of favor, is not, in itself, evidence against the prisoner, yet the fact of the prisoner's going to the place where the property was secreted, and identifying it, is evidence against him.

Indictment for stealing planks, the property of Mr. James McGuire, a lumber merchant. The prisoner [the negro Richard], upon a promise that he should not be prosecuted, was induced to confess his guilt, and to go and return the stolen articles, and to select those which belonged to Mr. McGuire.

Taylor & Fendall, for the prisoner, contended, and Mr. Swann, for the United States, admitted, that he must identify the property, independently of the confession.

THE COURT said that the fact that the prisoner selected Mr. McGuire's lumber was evidence against him.

Verdict, "Guilty."

## Case No. 16,155.

### UNITED STATES v. RICHARDSON.

#### [5 Cranch, C. C. 348.] [1]

Circuit Court, District of Columbia. Nov. Term, 1837.

ASSAULT—WHAT CONSTITUTES.

If a man raise a club over the head of a woman within striking distance, and threaten

to strike her if she open her mouth, this is an assault in law. He has no right to impose such a condition.

Indictment for an assault upon one Susan Shelton. The evidence was that the defendant [Allison Richardson] came into the house where Mrs. Shelton was sitting at a window. He was armed with a musket and a club; and raising the club over her head in an attitude for striking, and within striking distance, said to her that if she said a word (or if she opened her mouth) he would strike her; and this without any provocation on her part.

Bradley & Hoban, for defendant, contended that this was not, in law, an assault; that there can be no assault without a present intent to strike; and his saying, "if she opened her mouth," showed that he had not such a present intent, and they cited the old case, "If it were not the assizes, I would stab you."

But THE COURT (THRUSTON, Circuit Judge, absent) said that he had no right to restrain her from speaking; and his language showed an intent to strike upon her violation of a condition which he had no right to impose. Suppose a stranger comes to my house armed, and raises his club over my head, within striking distance, and threatens to beat me unless I will go out of and abandon my house, surely that would be an assault. So if a highwayman puts a pistol to my breast, and threatens to shoot me unless I give him my money, this would be evidence of an assault, and would be charged as such in the indictment.

Verdict, "Guilty." Fined ten dollars.

## Case No. 16,156.

### UNITED STATES v. RICHARDSON.
### UNITED STATES v. SWANSON.
### UNITED STATES v. SOTO.

#### [Hoff. Dec. 69.]

District Court, N. D. California. May 20, 1862.

MEXICAN LAND GRANT—EVIDENCE—CONCLUSIVENESS OF LOCATION.

[Where it appears that the claimants have in the most emphatic and solemn manner made their election of the three leagues granted to them, and have surveyed the same; that important interests have grown up and large expenditures been made on the faith of that election, by the purchase and improvement at great expense of land within the survey, and by settlement and improvement under the laws of the United States of lands without it; and that no objections to the location of the grant thus elected are suggested by the United States or the owners of the adjoining ranchos,—the land should be surveyed in accordance with the claimants' original survey and election.]

The rejection of the surveys of the Martinez ranchos: No. 205. Rancho El Pinole. Rancho Las Juntas. No. 87. Rancho Cañada del Hambre. No. 308.

HOFFMAN, District Judge. Objections to the surveys of these three ranchos have been filed on the part of the owners of E Pinole

[1] [Reported by Hon. William Cranch, Chief Judge.]